UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARNELL D. JACKSON,

    Plaintiff,

    v.       CAUSE NO. 3:22-CV-910-DRL-MGG

STEVEN E. JONES *et al.*,

    Defendants.

## OPINION AND ORDER

Darnell D. Jackson, a prisoner without a lawyer, filed an amended complaint. ECF 28. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nevertheless, a *pro se* complaint must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Jackson alleges he was subjected to excessive force on April 10, 2022, by officers from the Elkhart Police Department after he was pulled over for suspicion of operating while intoxicated. Mr. Jackson admits he initially tried to flee the scene but eventually "gave up" and exited the vehicle. ECF 28 at 3. He then obeyed the commands

of Corporal Stephen E. Jones, Officer Lehner, and other unknown officers to get on the ground. When Mr. Jackson attempted to "push up off the ground so they could cuff me without resistance," he was shot with a TASER multiple times, subjected to pepper spray in the face repeatedly, and punched in the chest. He suffered pain and a broken rib as a result. He has sued Corporal Jones, Officer Lehner, the "unknown officers" at the scene, and the City of Elkhart for monetary damages.

Excessive force claims that occur during the course of an arrest or apprehension of a suspect "are governed by the Fourth Amendment's 'reasonableness' standard, which turns on the totality of the circumstances confronting [the officers] viewed from the perspective 'of a reasonable officer on the scene[.]" *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 396 (1989)). "Whether a particular use of force was objectively reasonable 'is a legal determination rather than a pure question of fact for the jury to decide.'" *Id.* (quoting *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 520 (7th Cir. 2012)). In analyzing these claims, the court must "consider the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight." *Bayon v. Berkebile*, 29 F.4th 850, 854 (7th Cir. 2022) (quotations and citations omitted). Even the use of deadly force may be reasonable if an officer has probable cause to believe the suspect is armed and poses a threat of physical harm or is about to escape. *See Siler v. City of Kenosha*, 957 F.3d 751, 759 (7th Cir. 2020). The perspective as viewed from a reasonable officer on the scene is critical. *Id.*

> [A] court must consider the amount and quality of the information known to the officer at the time. In seeking to understand the perspective of the officer on the scene, we must consider: the information known to the officer at the time of the encounter; the duration of the encounter; the level of duress involved; and the need to make split-second decisions under intense, dangerous, uncertain, and rapidly changing circumstances. Law enforcement officers on the scene do not have the luxury of knowing the facts as they are known to us, with all the benefit of hindsight, discovery, and careful analysis. Officers must act reasonably based on the information they have. We must always keep in mind that encounters in the field require officers to make split-second decisions of enormous consequence. If a reasonable officer in [the defendant's] shoes would have believed that [the plaintiff] posed an imminent threat of serious physical harm, or that he had committed a crime involving serious physical harm and was about to escape, the Officer's use of force was reasonable.

*Id.* (brackets, quotations, and citations omitted).

Here, Mr. Jackson alleges Corporal Jones and Officer Lehner shot him with a TASER, punched him, and repeatedly sprayed him in the face with pepper spray despite the fact that he was on the ground and complying with their commands. Although later factfinding may reveal the officers' actions were reasonable based on the particular circumstances that unfolded, giving Mr. Jackson the benefit of the inferences to which he is entitled at this stage, he has stated plausible Fourth Amendment claims against them.

As to the unknown officers, Mr. Jackson alleges they "assisted" Corporal Jones and Officer Lehner in "tasing me and spraying me." ECF 28 at 4. He doesn't explain what actions they took in doing so other than that they "failed to intervene." *Id.* "[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). This is what has become known as a "failure to intervene" basis for a

constitutional violation. *Fillmore v. Page*, 358 F.3d 496 506 (7th Cir. 2004). To prevail on such a claim, a plaintiff must establish that "the defendant[] had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted).

Here, Mr. Jackson doesn't describe the actions of the unknown officers in any meaningful way. He doesn't provide adequate factual content to support an inference that they had a realistic opportunity to step forward and prevent Corporal Jones and/or Officer Lehner from subjecting him to the excessive force. Without more, the sparse allegations presented in the amended complaint are insufficient to state plausible failure to intervene claims against the unknown officers. Accordingly, they will be dismissed from this lawsuit. *See, e.g., Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (complaint must provide adequate factual content to be plausible).

Mr. Jackson has also sues the City of Elkhart claiming it is "liable for my injuries from the assault and my broken rib, pain and suffering from the pepper spray and tasing." ECF 28 at 4. However, a municipality cannot be held liable on the basis of *respondeat superior*. *See e.g., J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020) (noting that while a municipality "can be held responsible for constitutional violations . . . when they themselves cause the deprivation of rights," they cannot be held vicariously liable for the torts of its employees or agents). Mr. Jackson's vague allegation that the City had a "duty to properly train" its officers with regard to the use of force isn't enough to state a plausible claim either. He doesn't provide sufficient facts to support an inference the City

ignored a known or obvious risk related to that alleged training issue. *See id*. at 381 ("These teachings from the Supreme Court and our court make plain that *Monell* liability based on a failure to act, at its core, follows from a showing of constitutional violations caused by a municipality's deliberate indifference to the [known or obvious] risk of such violations."); *see also Bissessur*, 581 F.3d at 602. Therefore, this entity will be dismissed.

For these reasons, the court:

(1) GRANTS Darnell D. Jackson leave to proceed against Corporal Steven E. Jones and Officer Lehner in their individual capacities for compensatory and punitive damages for subjecting him to excessive force on April 10, 2022, during the course of an arrest in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES the City of Elkhart and Unknown Officers at the Scene of the Arrest;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Corporal Steven E. Jones and Officer Lehner at the Elkhart Police Department, with a copy of this order and the amended complaint (ECF 28);

(5) ORDERS the Elkhart Police Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Corporal Steven E. Jones and Officer Lehner to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind.

L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

July 31, 2023

*s/ Damon R. Leichty*
Judge, United States District Court